# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CR-14-209-001-HE |
| TROY ANDREW BROWN, | ) | |
| Defendant. | ) | |

## ORDER

Petitioner Troy Andrew Brown filed this application for writ of habeas corpus, challenging his criminal sentence. In 2014, petitioner pled guilty to one count of bank robbery. Under the sentencing guidelines, petitioner was designated and sentenced as a career offender based on two prior violent felonies. The court sentenced petitioner to 120 months in prison. Petitioner did not appeal his sentence but has now filed this motion under 28 U.S.C. § 2255.

Petitioner argues that his designation as a career offender is invalid due to the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). While not explicit in the motion, petitioner appears to be challenging the application of the residual clause of U.S.S.G. § 4B.2(a)(2) as void for vagueness, as that clause is identical to the residual clause struck down in Johnson. Petitioner also raises a claim for ineffective assistance of counsel related to his sentencing. The court held this matter in abeyance during the pendency of Beckles v. United States, 137 S. Ct. 886 (2017), which addressed the constitutionality of § 4B.2(a)(2)'s residual clause. The court directed the parties to inform the court as to the impact of Beckles (when decided) via joint statement if the parties

were in agreement, and via supplemental briefs if they were not in agreement. The Supreme Court has since held "that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause . . . ." *Id*. at 890. Petitioner's counsel informed the court that the government and petitioner did not agree on the impact of <u>Beckles</u>, and sought additional time to submit a supplemental brief. The court granted the request. Petitioner's counsel filed an advisement that he will not be submitting a supplement brief on the residual clause issue in light of <u>Beckles</u>' holding, but petitioner did submit a supplemental brief regarding the ineffective assistance of counsel claim.

Due to the clear holding of <u>Beckles</u>, petitioner's challenge to the residual clause fails. Petitioner has not provided any argument as to why <u>Beckles</u> does not apply, and his counsel has all but conceded that the claim is precluded by the Supreme Court's holding. Petitioner's ineffective assistance of counsel claim also fails, as it is time-barred. Petitioner's conviction was final in 2014, and he did not file this motion within one year of that date. And even if petitioner premised that claim on <u>Johnson</u> and could potentially skirt the time bar, he cannot show that he was prejudiced by counsel's failure to attack the sentencing guidelines through a vagueness challenge, as <u>Beckles</u> shows that any such argument would necessarily fail. Therefore petitioner's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated this 8th day of June, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE